Michael D. Callahan, OSB #73049
MD_Callahan@msn.com
Sharon Stevens, OSB #78088
scstevens@msn.com
CALLAHAN & STEVENS
5845 Shoreview Lane N, Suite 500
P.O. Box 20937
Keizer, Oregon 97307-0937
Tel: (503) 390-4133
Fax: (503 390-4369

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

JOHNNIE D. WILLIAMS,

        Plaintiff,

v.

LINFIELD COLLEGE, an Oregon
nonprofit corporation,

        Defendant.

Case No. CV-CV '03  1604  ST

**COMPLAINT (Americans With
Disabilities Act; Title VII, 42 U.S.C. § 2000e,
et seq.; Civil Rights Act of 1991; 659A.112
Disabled Person Discrimination; ORS
659A.030(1)(f) Retaliation; Wrongful
Discharge; and Intentional Infliction
of Emotional Distress)**

**JURY TRIAL DEMANDED**

    1.   This is an action under Title 1 of the Americans with Disabilities Act of 1990 and Title I of

the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, to

vindicate Plaintiff's rights and the rights of other qualified people with disabilities, to vindicate Plaintiff's

rights and the rights of other employees to work in environments free from retaliation due to reporting of

disability and sexual harassment discrimination, to secure fair treatment and equal opportunity in the work

**CALLAHAN & STEVENS**
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 ● FAX (503) 390-4369

454067

place for Plaintiff and other similarly situated employees, and to make Plaintiff whole. Plaintiff is a qualified individual with a disability. Defendant discriminated against Plaintiff by failing to accommodate Plaintiff's disability, by retaliating against and terminating Plaintiff due to his disability, and due to his reporting of disability and sexual harassment discrimination.

2.   This is also an action under state law for the violation of ORS 659A.112 and ORS 659A.030(1)(f), retaliation, wrongful discharge, and intentional infliction of emotional distress pursuant to the court's supplemental jurisdiction.

## JURISDICTION AND VENUE

3.   This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331. This action is brought under the provisions of Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12117(a), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(A). This is also an action brought under the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

4.   This court has jurisdiction over Plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. §1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative facts, the state actions are so related to the federal claims that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5.   The employment practices alleged herein were committed in the District of Oregon.

## PARTIES

6.   Plaintiff **JOHNNIE D. WILLIAMS** is a resident and citizen of Oregon.

7.   At all relevant times, Defendant **LINFIELD COLLEGE** was and is a duly constituted Oregon nonprofit corporation organized under the laws of the State of Oregon, and licensed and

Page 2 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

authorized to transact business within said State, and was and is an employer for purposes of 42 U.S.C. §12111(5)(A), ORS 659A.001(4), and ORS 659A.106.

8.   Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. §12102(2)(A).  He suffers from one or more physical impairments which substantially affect one or more major life activities, including, but not limited to:  caring for oneself, communicating, learning, socializing, sleeping, hearing, concentrating, thinking, interacting with others, and working.

9.   In the alternative to paragraph 8, Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. §12102(2)(B) and ORS 659A.100 to 659A.145.  Defendant regarded Plaintiff's physical impairments as substantially affecting one or more major life activities, including, but not limited to: caring for oneself, communicating, learning, socializing, sleeping, hearing, concentrating, thinking, interacting with others, and working.  Plaintiff's ability to perform the essential functions of his position with Defendant was limited as a result of the attitude of Defendant toward Plaintiff's impairments.

10.   Despite his disabilities, at all relevant times Plaintiff was able to work and was qualified for the position he held with Defendant.  He was, with or without reasonable accommodation, able to perform the essential functions of his position with Defendant.

11.   Plaintiff requested reasonable accommodation, to which he was entitled.

## PROCEDURAL REQUIREMENTS

12.   Plaintiff timely filed complaints of disability discrimination and discrimination for reporting of sexual harassment with the Equal Employment Opportunity Commission ("EEOC") and the Oregon Bureau of Labor and Industries ("BOLI") and has received Notices of Right to Sue.  Plaintiff has filed this complaint within 90 days from the date he received such notices.

## FACTUAL ALLEGATIONS

13.   Defendant Linfield College employed Plaintiff in September, 1996, as a groundskeeper.

Page 3 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

14.    Plaintiff worked full-time for Defendant at a maximum rate of $25,000 per year, including overtime and benefits.

15.    Plaintiff suffers from combat-related Post Traumatic Stress Disorder (PTSD), requiring Plaintiff to avoid stressful situations and to take brief breaks to compose himself and/or collect his thoughts to accommodate his condition. As a result of this condition, Plaintiff experiences panic attacks, disorientation, seizures, and nightmares. Plaintiff's condition substantially impairs his ability to perform self-care, communicate, educate himself, socialize, sleep, concentrate, think, interact with others, and work.

16.    Defendant was aware of Plaintiff's disability. Plaintiff's initial supervisor, Dave Lowe, accommodated Plaintiff's disability by allowing Plaintiff to attend medical appointments for his PTSD condition and further allowed Plaintiff to take breaks as needed.

17.    In addition to PTSD, Plaintiff also suffers from a skin condition caused by exposure to Agent Orange while Plaintiff was in military service in Vietnam. Plaintiff informed his supervisor, Dave Lowe, of this condition. Said condition has sensitized Plaintiff's ears to the extent that Plaintiff is unable to wear protective ear equipment while working. Because of this condition, Plaintiff is substantially impaired in his ability to perform self-care, communicate, socialize, sleep, concentrate, think, hear, interact with others, and work.

18.    At all material times, Plaintiff was an otherwise qualified individual with a disability who did and can perform the essential functions of his positions as groundskeeper with or without reasonable accommodation.

19.    Approximately July 31, 2001, Paul Frampton became Plaintiff's new supervisor, replacing Dave Lowe. At the time of the supervision change, Dave Lowe informed Paul Frampton that Plaintiff suffers from PTSD and an Agent-Orange-caused condition that required accommodation, including the

Page 4 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

need for ongoing medical treatment, extended breaks, and avoidance of unnecessary stress.

20.    In October, 2001, Plaintiff informed his supervisor, Paul Frampton, that Plaintiff suffered from Post-Traumatic Stress Disorder (PTSD) and an Agent-Orange-caused skin condition.  Paul Frampton did not ask Plaintiff what accommodation Plaintiff needed or otherwise engage in the interactive process to reasonably accommodate these conditions. In response to Plaintiff's notification of these conditions, Paul Frampton refused to allow Plaintiff to take necessary breaks to alleviate PTSD-related stress, as had been allowed by Plaintiff's previous supervisor, Dave Lowe.

21.    Upon learning of Plaintiff's disability, Defendant regarded Plaintiff as disabled and unable to perform his existing job duties or those Defendant anticipated in the future, when in fact he was not disabled from performing such essential functions of his position, with or without reasonable accommodation, except by the discriminatory treatment of Defendant, Defendant's supervisors and Plaintiff's co-workers.

22.    On November 2, 2001, and November 15, 2001, Paul Frampton disciplined Plaintiff, in writing, alleging that Plaintiff took extended breaks and other alleged performance deficiencies.  In May, 2002, Paul Frampton issued Plaintiff a third "write-up".

23.    On November 29, 2001, Plaintiff obtained from his treating physician a letter chronicling Plaintiff's PTSD condition and Plaintiff's need for brief breaks, as needed, to calm himself.  Plaintiff caused copies of this physician letter to be placed in Defendant's Physical Plant mail for Plaintiff's supervisor and others in management.

24.    Beginning in November, 2001, and continuing thereafter on a frequent basis, Paul Frampton made derogatory comments to Plaintiff and other co-workers concerning Plaintiff's PTSD and Agent Orange caused skin condition and Plaintiff's seeking medical attention for these conditions at the Veterans' Clinic.  Specific comments made by Paul Frampton included, but are not limited to the

Page 5 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

CALLAHAN & STEVENS
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 ● FAX (503) 390-4369

following: "there's a sore on your face, is that from Agent Orange?" or "what's the lie of the week, Agent Orange?"

25.  In addition to the comments made by Paul Frampton to Plaintiff and others about Plaintiff's PTSD and Agent Orange skin condition, Paul Frampton allowed and tolerated some of Plaintiff's co-workers to make similar derogatory comments to Plaintiff relating to said conditions.

26.  Between November 15, 2001, and the third write-up in May, 2002, Paul Frampton documented nineteen additional incidents alleging performance deficiencies on the part of Plaintiff, but did not convert the alleged deficiencies to a write-up.

27.  Approximately February 1, 2002, Plaintiff complained to Carl Vance, Defendant's Vice President of Finance and Head of Plaintiff's Department, about Paul Frampton's harassment, including the derogatory comments to Plaintiff by Paul Frampton regarding Plaintiff's PTSD and Agent Orange skin condition.  Carl Vance referred Plaintiff to Beryl Hovey in Human Resources.

28.  Approximately February 5, 2002, Plaintiff met with Beryl Hovey, at which time Plaintiff discussed his PTSD condition and complained that Paul Frampton was harassing Plaintiff.  During said meeting, Beryl Hovey did not discuss with Plaintiff how Plaintiff's medical conditions could be reasonably accommodated, nor did she discuss whether management was going to take prompt, effective and remedial action to stop the ongoing harassment by Paul Frampton.

29.  Approximately February 6, 2002, Plaintiff reported to management that a female co-worker of Plaintiff had revealed to Plaintiff that she was being sexually harassed on-the-job by Paul Frampton.  During a subsequent investigation, the female co-worker initially denied that she was sexually harassed.  As a result, Plaintiff was suspended.  Shortly thereafter, the female co-worker recanted her denial and confirmed that she had been sexually harassed by Paul Frampton.  Subsequently, Paul Frampton admitted to the sexual harassment conduct.  On February 11, 2002, Plaintiff was reinstated.

Page 6 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

30.    On February 11, 2002, Paul Frampton's supervisor, John Hall, provided Plaintiff a memorandum from Defendant confirming that Plaintiff advised his supervisor and Defendant's Human Resources Director about Plaintiff's PTSD.  The memo requested physician clarification no later than February 8, 2002.  On February 12, 2002, in response to the February 11, 2002, memorandum, Plaintiff supplied Defendant with another copy of Plaintiff's physician's letter dated November 29, 2001, which Plaintiff had previously provided to Defendant.  Upon again receiving the November 29, 2001, physician's letter, Defendant did not engage in any discussion with Plaintiff regarding the physician's letter or Plaintiff's need for reasonable accommodation.

31.    Beginning November, 2001, and continuing thereafter, and increasing in intensity and frequency after Plaintiff reported the sexual harassment complaint in February, 2002, Paul Frampton conducted surveillance of Plaintiff's work and break activities, assigned Plaintiff to tasks that were normally assigned to unskilled laborers, failed to allow Plaintiff to take physician requested breaks, changed Plaintiff's work assignment, documented the time that Plaintiff performed assigned tasks, orally disciplined Plaintiff for smoking while allowing Plaintiff's co-workers to smoke, followed Plaintiff to restrooms, made derogatory statements about Plaintiff's medical conditions and job performance, discussed Plaintiff's medical conditions, work and break habits, with Plaintiff's co-workers and reported frequently to higher management concerning Plaintiff.

32.    On June 14, 2002, Defendant terminated Plaintiff's employment, alleging that Plaintiff had failed to supervise an employee, took an unauthorized smoke break, and failed to wear a hard hat in a construction area.  Defendant's reasons for Plaintiff's termination was a pretext.

33.    All acts, omissions and conduct of Paul Frampton, Carl Vance, John Hall, Beryl Hovey, Dave Lowe, and other management persons, were within the course and scope of their positions and duties with Defendant, and/or were performed in connection with the exercise of supervisory authority.

Page 7 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

The comments and conduct of Paul Frampton constituted an extraordinary transgression of the bounds of socially tolerable conduct.

34.    Defendant retaliated against Plaintiff and terminated Plaintiff's employment on June 14, 2002, due in substantial material part to Plaintiff's disability, Plaintiff's request for reasonable accommodation to remain in the position that Plaintiff held, and Plaintiff's reporting of unlawful discrimination.

## FIRST CLAIM FOR RELIEF

### (Title I of the Americans with Disabilities Act)
### (42 U.S.C. § 12117[a])

35.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 34 as though fully set forth herein.

36.    Defendant is engaged in an industry affecting commerce, and has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

37.    Defendant failed to reasonably accommodate Plaintiff's disability, and failed to engage in good faith in the interactive process.

38.    Defendant's decisions to refuse to engage in a good faith interactive process, to otherwise refuse to reasonably accommodate Plaintiff's disabilities when Plaintiff was able to perform the essential function of each position assigned to him, and to terminate Plaintiff's employment were motivated by and due in substantial part to Plaintiff's disability and/or Defendant's perception that Plaintiff was disabled. Said conduct constitutes a violation of the Americans with Disabilities Act.

39.    Plaintiff is entitled to a declaration that Defendant acted in violation of the relevant statute.

40.    As a result of Defendant's violations of law as alleged herein, Plaintiff suffered lost wages and medical benefits from June 14, 2002, to date, in the amount of $35,000, and has incurred medical

Page 8 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

bills in an amount to be proven at trial, and will continue to incur lost wages, medical bills and medical benefits in the future, and impairment of earning capacity in amounts to be proven at trial.

41.    Plaintiff is entitled to an order reinstating him to employment, or if reinstatement is not feasible, to an order awarding future lost earnings and lost earning capacity in an amount to be proven at trial.

42.    As a result of the unlawful actions alleged herein, Plaintiff suffered and continues to suffer severe emotional distress, depression, mental pain and anguish, humiliation, loss of self-esteem, sleeplessness, aggravation/ worsening of pre-existing PTSD condition, aggravation/worsening of pre-existing sleep disorder, and loss of enjoyment of life.  Plaintiff is entitled to non-economic compensatory damages sufficient to compensate him for his emotional pain and suffering and other non-economic losses in the amount of $950,000.

43.    Defendant's acts were done intentionally with an improper, abusive, discriminatory, and retaliatory motive, and with reckless indifference to Plaintiff's state and federally protected rights.  Such conduct should not be tolerated by this society, and punitive damages in an amount to be fixed by a jury and available under applicable law should be awarded to punish Defendant and deter such conduct in the future.

44.    Defendant's discrimination against Plaintiff due to his disability is part of a pattern and practice of such discrimination, and the court should enter a permanent injunction prohibiting Defendant from engaging in future discrimination in employment in violation of the relevant statutes on such terms as the court deems appropriate.

45.    Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. § 12205 and/or 42 U.S.C. § 1988, and prejudgment and post-judgment interest.

Page 9 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

## SECOND CLAIM FOR RELIEF

### (Retaliation - Violations of Title VII, 42 U.S.C. §2000 *et seq.*)

46.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 44 as though fully set forth herein.

47.    Defendant allowed and encouraged Plaintiff's supervisors and co-workers to isolate Plaintiff, to make derogatory comments about Plaintiff's medical conditions, and otherwise to create an intimidating, stressful, and hostile work environment.

48.    In further retaliation for Plaintiff's protected activity as alleged herein, Defendant's managers subjected Plaintiff to constant discipline and scrutiny in contrast to their actions toward Plaintiff's co-workers.

49.    Defendant failed to develop and/or implement a policy for reporting, investigating and preventing retaliation for reporting disability harassment in the work place.

50.    Defendant discriminated and retaliated against Plaintiff based on his disability by subjecting him to an intimidating, hostile and offensive work environment, failing to take prompt, appropriate or effective remedial measures to end the harassment of Plaintiff and/or to protect Plaintiff from further harassment, and terminating Plaintiff.  The discrimination and retaliation was in response to Plaintiff's requests for reasonable accommodation and Plaintiff's complaints of disability discrimination because of Plaintiff's medical history, and/or because Defendant perceived him to be a disabled person.

51.    The harassment of Plaintiff, as alleged above, and the failure of Defendant to take prompt, appropriate and remedial action to end the harassment, as alleged above, affected the terms, conditions and privileges of Plaintiff's employment and were sufficiently severe and pervasive that said conduct and omissions created a hostile, intimidating, offensive and abusive working environment.

Page 10 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

52.    The stress, anxiety, and uncertainty of Plaintiff's job status, along with the continuing retaliatory conduct by Defendant, caused Plaintiff to be unable to work.  Plaintiff sought medical care and was taken off work for medical reasons.

53.    Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. §12110, *et seq.* and 42 U.S.C. §1988, and prejudgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF

### (Retaliation - Violations of Title VII, 42 U.S.C. §2000e *et seq.*)

54.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 34, 39 through 44, and 47 as though fully set forth herein.

55.    The complaint of sexual harassment made by Plaintiff to Defendant involved a female who belongs to a class which is protected from discrimination under 42 U.S.C. §2000e *et seq.*

56.    Defendant discriminated or retaliated against Plaintiff based on Plaintiff reporting of sexual harassment in the work place by Plaintiff's supervisor by subjecting him to an intimidating, hostile and offensive work environment, failing to take immediate and effective action in response to Plaintiff's complaint of sexual harassment, and/or terminating his employment in retaliation against Plaintiff for complaining about sexual harassment.

57.    In further retaliation for Plaintiff's protected activity as alleged herein, Defendant's managers subjected Plaintiff to constant discipline and scrutiny in contrast to their actions toward Plaintiff's co-workers.

58.    The stress, anxiety, and uncertainty of Plaintiff's job status, along with the continuing retaliatory conduct by Defendant, caused Plaintiff to be unable to work.  Plaintiff sought medical care and was taken off work for medical reasons.

Page 11 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

**CALLAHAN & STEVENS**
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 ● FAX (503) 390-4369

59.     Defendant's discrimination against Plaintiff due to his reporting of sexual harassment in the work place is part of a pattern and practice of such discrimination, and the court should enter a permanent injunction prohibiting Defendant from engaging in future discrimination in employment in violation of the relevant statutes on such terms as the court deems appropriate.

60.     Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein, pursuant to 42 U.S.C. §2000e, *et seq.*, and prejudgment and post-judgment interest.

### FOURTH CLAIM FOR RELIEF

### (Disability Discrimination and Retaliation)
### (ORS 659A.100 through 659A.142)

61.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 43 as though fully set forth herein.

62.     At all times material hereto, Plaintiff was an employee in the State of Oregon subject to the protection of Chapter 659A of the Oregon Revised Statutes, and Defendant was an "employer" employing six or more persons within the meaning of Chapter 659A.106, and was subject to Chapter 659A.100 to 659A.145.

63.     Defendant's failure to accommodate Plaintiff's disability, failure to engage in a good faith interactive process, imposition of discipline, and termination of Plaintiff was due to his disability and/or Defendant's perception that Plaintiff was disabled, and in retaliation for Plaintiff reporting disability discrimination in the work place, was in violation of ORS 659A.100 through 659A.142.

64.     Plaintiff is entitled to recover from Defendant his reasonable attorney fees and costs, and expert witness fees and costs pursuant to ORS 659A.885 and ORS 20.107.

Page 12 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

## FIFTH CLAIM FOR RELIEF

### (Retaliation for Reporting Sexual Harassment)
### (ORS 659A.030[1][f])

65.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 34, and 56 through 59 as though fully set forth herein.

66.    Defendant Linfield College is an employer as defined by Oregon Revised Statutes (ORS) ORS 659A.001[4].  Plaintiff is an individual whom the legislature of the State of Oregon intended to benefit from the protection of ORS 659A.030 and the harm suffered by Plaintiff was the type contemplated by ORS 659A.030.

67.    The complaint of sexual harassment made by Plaintiff to Defendant involved a female who belongs to a class which is protected from discrimination under ORS 659A.030.

68.    Defendant, Linfield College is liable for the hostile work environment prohibited by ORS 659.030(1).

69.    As the sole, direct and proximate result of the conduct by defendants as alleged herein, plaintiff has incurred economic damages in the form of lost wages and benefits in the amount of $35,000 through the date of this complaint. Said wage loss is continuing and will continue in the future.  Plaintiff is entitled to interest at the legal rate until paid, and front pay shown to a reasonable certainty.

70.    Plaintiff has been required to hire an attorney to prosecute this action and has incurred attorney fees and costs, including attorney fees and expert witness fees incurred herein, pursuant to ORS 659.121 and ORS 20.107.

## SIXTH CLAIM FOR RELIEF

### (Wrongful Discharge)

71.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 11, 13 through 34, 37, 38, and 47 through 53  as though fully set forth herein.

Page 13 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

72.    Defendant's termination of Plaintiff in retaliation for the reporting of, complaining about, and resisting the disability discrimination and for the reporting of sexual harassment discrimination created by Defendant's management violates the public policy of the State of Oregon as expressed in state and federal statutory protections and is an intentional violation of rights related to Plaintiff's role as an employee.

73.    As a result of Defendant's actions, Plaintiff suffered lost wages and benefits from June 14, 2002, to date, in the amount of $35,000, and will continue to incur lost wages and benefits in the future in an amount to be proved at trial.

74.    As the sole, direct and proximate result of the conduct by Defendant, alleged herein, Plaintiff suffered and continues to suffer severe emotional distress, depression, mental pain and anguish, humiliation, loss of self-esteem, sleeplessness, aggravation/ worsening of pre-existing PTSD condition, aggravation/worsening of pre-existing sleep disorder, and loss of enjoyment of life.  Plaintiff is entitled to non-economic compensatory damages sufficient to compensate him for his emotional pain and suffering and other non-economic losses in the amount of $950,000.

75.    Defendant's acts were done intentionally with an improper, abusive, discriminatory, and retaliatory motive, and with reckless indifference to Plaintiff's state and federally protected rights.  Such conduct should not be tolerated by this society, and punitive damages in an amount to be fixed by a jury and available under applicable law should be awarded to punish Defendant and deter such conduct in the future.

76.    Plaintiff is entitled to recover his costs and disbursements, and prejudgment and post-judgment interest.

Page 14 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

## SEVENTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

77.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 11, 13 through 34, 37, 38 and 47 through 53 as though fully set forth herein.

78.   Defendant committed the acts alleged herein intentionally to cause Plaintiff to suffer severe emotional harm or under circumstances in which it was substantially certain he would suffer such harm.

79.   Defendant's acts were done intentionally with an improper, abusive and discriminatory motive.

80.   Alternatively, Defendant's conduct toward Plaintiff was reckless and in deliberate disregard of a high probability the conduct would cause Plaintiff extreme emotional distress.

81.   Defendant's conduct exceeded the bounds of socially tolerable conduct.

82.   As a result of Defendant's actions, Plaintiff suffered lost wages and benefits from June 14, 2002, to date, in the amount of $35,000, and will continue to incur lost wages and benefits in the future in an amount to be proved at trial.

83.   As the sole, direct and proximate result of the conduct by Defendant, alleged herein, Plaintiff suffered and continues to suffer severe emotional distress, depression, mental pain and anguish, humiliation, loss of self-esteem, sleeplessness, aggravation/ worsening of pre-existing PTSD condition, aggravation/worsening of pre-existing sleep disorder, and loss of enjoyment of life.  Plaintiff is entitled to non-economic compensatory damages sufficient to compensate him for his emotional pain and suffering and other non-economic losses in the amount of $950,000.

84.   Defendant's acts were done intentionally with an improper, abusive, discriminatory, and retaliatory motive, and with reckless indifference to Plaintiff's state and federally protected rights.  Such conduct should not be tolerated by this society, and punitive damages in an amount to be fixed by a jury

Page 15 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

CALLAHAN & STEVENS
Attorneys at Law
P.O. Box 20937
Keizer, Oregon 97307-0937
(503) 390-4133 ● FAX (503) 390-4369

and available under applicable law should be awarded to punish Defendant and deter such conduct in the future.

85.    As Plaintiff's employer, Defendant had a duty to refrain from abusive behavior.

86.    Plaintiff is entitled to recover his costs and disbursements, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

**FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF:**

(a)    Non-economic/compensatory damages in the amount of $950,000;

(b)    Economic damages for lost wages and medical benefits in the amount of $35,000 and for reasonable medical expenses in an amount to be proven at trial;

(c)    Economic damages for future lost wages, medical benefits, and profit sharing/pension plan benefits in an amount to be determined at trial;

(d)    Economic damages for diminished earning capacity in an amount to be determined at trial;

(e)    Punitive damages in an amount to be determined at trial;

(f)    Reasonable attorney's fees, expert witness fees, costs and disbursements pursuant to 42 U.S.C. § 12205 and/or 42 U.S.C. § 1988, and prejudgment and post-judgment interest;

(g)    Reinstatement to Plaintiff's former position or, in the alternative, an award of front pay in an amount to be determined;

(h)    A permanent injunction against Defendant prohibiting future discrimination by Defendant; and

(i)    A declaration that Defendant violated said statute.

Page 16 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

**FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF:**

(a)     Non-economic/compensatory damages in the amount of $950,000;

(b)     Economic damages for lost wages and medical benefits in the amount of $35,000 and for reasonable medical expenses in an amount to be proven at trial;

(c)     Economic damages for future lost wages, medical benefits, and profit sharing/pension plan benefits in an amount to be determined at trial;

(d)     Economic damages for diminished earning capacity in an amount to be determined at trial;

(e)     Punitive damages in an amount to be determined;

(f)     Reasonable attorney's fees, expert witness fees, costs and disbursements pursuant to 42 U.S.C. § 12205 and/or 42 U.S.C. § 1988, and prejudgment and post-judgment interest;

(g)     Reinstatement to Plaintiff's former position or, in the alternative, an award of front pay in an amount to be determined at trial;

(h)     A permanent injunction against Defendant prohibiting future discrimination by Defendant; and

(i)     A declaration that Defendant violated said statute.

**FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF**:

(a)     Non-economic/compensatory damages in the amount of $950,000;

(b)     Economic damages for lost wages in the amount of $35,000 and for reasonable medical expenses to be proven at trial;

(c)     Economic damages for diminished earning capacity in an amount to be determined at trial;

(d)     Economic damages for future lost wages, medical benefits, medical expenses and profit sharing/pension plan benefits in an amount to be determined at trial;

(e)     Economic damages for diminished earning capacity in an amount to be determined at trial;

Page 17 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

(f)     Reasonable attorney's fees, expert witness fees, costs and disbursements pursuant to 42 U.S.C. § 12205 and/or 42 U.S.C. § 1988, and prejudgment and post-judgment interest;

(g)     Reinstatement to Plaintiff's former position or, in the alternative, an award of front pay in an amount to be determined at trial;

(h)     A permanent injunction against Defendant prohibiting future discrimination by Defendant; and

(i)     A declaration that Defendant violated said statute.

**FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF**:

(a)     Economic damages for lost wages and medical benefits in the amount of $35,000;

(b)     Economic damages for future lost wages, medical benefits, and profit sharing/pension plan benefits in an amount to be determined at trial;

(c)     Economic damages for diminished earning capacity in an amount to be determined at trial;

(d)     Reasonable attorney's fees, expert witness fees, costs and disbursements pursuant to ORS 659A.885 and ORS 20.107, and prejudgment and post-judgment interest;

(e)     Reinstatement to Plaintiff's former position or, in the alternative, an award of front pay in an amount to be determined at trial;

(f)     A permanent injunction against Defendant prohibiting future discrimination by Defendant; and

(g)     A declaration that Defendant violated said statute.

**FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF**:

(a)     Economic damages for lost wages and medical benefits in the amount of $35,000;

(b)     Economic damages for future lost wages, medical benefits, and profit sharing/pension plan benefits in an amount to be determined at trial;

Page 18 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

(c)     Economic damages for diminished earning capacity in an amount to be determined at trial; and

(d)     Reasonable attorney's fees, expert witness fees, costs and disbursements pursuant to ORS 659A885 and ORS 20.107, and prejudgment and post-judgment interest.

(e)     Reinstatement to Plaintiff's former position or, in the alternative, an award of front pay in an amount to be determined at trial;

(f)     A permanent injunction against Defendant prohibiting future discrimination by Defendant; and

(g)     A declaration that Defendant violated said statute.

**FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF:**

(a)     Non-economic/compensatory damages in the amount of $950,000;

(b)     Economic damages for lost wages, medical expenses and medical benefits in the amount of $35,000 and for reasonable medical expenses to be proven at trial;

(c)     Economic damages for future lost wages, medical benefits, and profit sharing/pension plan benefits in an amount to be determined at trial;

(d)     Economic damages for diminished earning capacity in an amount to be determined at trial;

(e)     Punitive damages in an amount to be determined at trial; and

(f)     Prejudgment and post-judgment interest.

**FOR PLAINTIFF'S SEVENTH CLAIM FOR RELIEF:**

(a)     Non-economic/compensatory damages in the amount of $950,000;

(b)     Economic damages for lost wages, medical expenses and medical benefits in the amount of $35,000 and for reasonable medical expenses to be proven at trial;

(c)     Economic damages for future lost wages, medical benefits, and profit sharing/pension plan

Page 19 - **COMPLAINT AND DEMAND FOR JURY TRIAL**

benefits in an amount to be determined at trial;

(d)     Economic damages for diminished earning capacity in an amount to be determined at trial;

(e)     Punitive damages in an amount to be determined at trial; and

(f)     Prejudgment and post-judgment interest.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

DATED this _21st_ day of November, 2003.

CALLAHAN & STEVENS

Michael D. Callahan, OSB #73049
Of Attorneys for Plaintiff

Page 20 - **COMPLAINT AND DEMAND FOR JURY TRIAL**